UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Igor Valerievich Vasiliev
451 N. Roadrunner Parkway, Apt. 412
Las Cruces, NM 88011,

Plaintiff,

VS.

Michael Chertoff, Secretary
Office of the General Counsel
U.S. Department of Homeland Security
Washington, DC 20258,

U.S. Department of Homeland Security
Office of the General Counsel
U.S. Department of Homeland Security
Washington, DC 20258,

Eduardo Aguirre, Jr., Director
U.S. Citizenship and Immigration Services
U.S. Department of Homeland Security
425 Eye St. NW
Washington, DC 20536,

U.S. Citizenship and Immigration Services
425 Eye St. NW
Washington, DC 20536,

Terry E. Way, Director
Nebraska Service Center
U.S. Citizenship and Immigration Services
U.S. Department of Homeland Security
850 "S" Street
Lincoln, NE 68501,

Robert Mueller, Director
Federal Bureau of Investigation
Office of the General Counsel
Room 7427
935 Pennsylvania Avenue, N.W.
Washington, D.C. 20535

COMPLAINT FOR MANDAMUS,
DECLARATORY AND INJUNCTIVE
RELIEF

Civil Action: 05-
Judge:
Filed:

Alberto Gonzales
Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001,

United States of America
US Attorney
555 Fourth Street, NW
Washington, DC 20001
Defendants.

## COMPLAINT FOR MANDAMUS, DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff presents instant Complaint before this honorable court requesting relief against Defendants for their actions and for their failure to act in accordance with law.

## I. INTRODUCTION

1. This is a complaint for relief pursuant to law including the U.S. Constitution, Mandamus Act (28 U.S.C. § 1361 (2004)), Declaratory Judgment Act (28 U.S.C. § 2201 (2004)), and the Administrative Procedure Act (5 U.S.C § 551 (2004) et seq.). This action challenges the unreasonable delays in processing the Plaintiff's Employment Based Adjustment of Status (AOS) Application pending before the Nebraska Service Center of the United States Citizenship and Immigration Services (USCIS). This action further challenges the USCIS policy of requiring repeated applications for issuance of Employment Authorization and Advance Parole and for repeated fingerprints during the pendency of the AOS Application.

2. The process of obtaining employment-based U.S. Lawful Permanent Residence ("green card") has become egregiously whimsical and inconsistent over the past few years.

3. The Defendants have administered immigration laws by ad-hoc memoranda and unwritten policy rather than by regulation. The lack of appropriate regulations and the atmosphere of uncertainty are illegal and have directly thwarted the will of Congress, as articulated in various ameliorative statutes.

4. Defendants' action and inaction have directly and proximately injured and continue to directly and proximately injure the plaintiff

5. A more detailed, but in no way exhaustive, enumeration of the harm suffered by the Plaintiff is submitted under the caption "INJURY TO PLAINTIFF."

## II. JURISDICTION

6. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (2004) (federal question jurisdiction) because Plaintiff's claims arise under the Constitution and the laws of the United States, including the Fifth Amendment to the U.S. Constitution, various provisions of Title 8 U.S.C. § 1101 (2004) et seq. (Immigration & Nationality Act, "INA") and applicable regulations, policies and procedures arising thereunder. This Court may grant relief in this action, *inter alia,* under 28 U.S.C. § 1361 (2004) (Mandamus Act); 28 U.S.C. § 1651 (2004) (All Writs Act); 28 U.S.C. § 2201 (2004) (Declaratory Judgment Act); and under 5 U.S.C. § 551 (2004) et seq. (Administrative Procedure Act).

7. There are no administrative remedies available to Plaintiff to redress the grievances described herein. This action challenges only the Defendants' timeliness in adjudications, procedural policies and related practices, not the granting or denial of the AOS application. Therefore, the jurisdictional limitations of 8 U.S.C. § 1252 (2004) are not applicable.

## III. VENUE

8. Pursuant to 28 U.S.C. § 1391(e) (2004), venue is proper in this judicial district because the Defendants operate within this district and maintain headquarters in Washington, D.C., and because a substantial part of the events or omissions giving rise to the claims herein occurred in Washington, D.C.

## IV. PARTIES

**Plaintiff**

9. Plaintiff is a citizen of Russia and a scientist by profession. He is presently employed as Assistant Professor at the Department of Physics, New Mexico State University, Las Cruces, New Mexico.

10. Plaintiff's AOS application is pending as of the date of this Complaint before Nebraska Service Center of the USCIS since July 22, 2002. The plaintiff appears before this honorable court in his own behalf as an individual.

**Defendants**

11. Michael Chertoff is the Secretary of the Department of Homeland Security (DHS). Pursuant, *inter alia,* to 8 U.S.C. § 1103 (2004), Secretary Chertoff is charged with, among other matters, administering the USCIS and implementing and enforcing the Immigration and Nationality Act. As such, he has ultimate decision-making authority over the matters alleged in this Complaint.

12. Alberto Gonzales is the Attorney General of the United States. Pursuant, *inter alia,* to 8 U.S.C § 1103 (2004), he is charged with controlling determination of issues of law pertaining to immigration and with representing the United States of America in various legal matters.

13. Eduardo Aguirre, Jr., is the Director of USCIS of the DHS. In his capacity as the Director of USCIS, Mr. Aguirre is responsible for the administration of immigration benefits and services including the processing of citizenship applications, and family and employment-based petitions. As such, he has decision-making authority over the matters alleged in this Complaint.

14. Terry E. Way is the Director of the Nebraska Service Center of USCIS of the DHS. In his capacity as the Director of the Nebraska Service Center, USCIS, Mr. Way is responsible for the administration of immigration benefits and services including the processing of citizenship applications and family and employment-based petitions. As such, he has decision-making authority over some of the matters alleged in this Complaint.

15. Robert Mueller is the Director of the Federal Bureau of Investigation (FBI). In his capacity as the Director of the FBI, Mr. Mueller is responsible for the administration of services including the processing of security and name checks as requested by USCIS. As such, he has decision-making authority over some of the matters alleged in this Complaint.

## V. FACTS

16. Plaintiff filed with the Nebraska Service Center of USCIS his immigrant petition (Form I-140) (having Receipt Number: LIN 02-102-55107) under the first preference category of priority workers comprising "aliens with extraordinary ability."[1] 8 U.S.C. 1153(b)(1)(A) (2004).

---

[1] (A) An alien is described in this paragraph if—
    (i)    the alien has extraordinary ability in the sciences, arts, education, business, or athletics which has been demonstrated by sustained national or international acclaim

5

17. Nebraska Service Center approved the immigrant petition filed by the Plaintiff on June 24, 2002.

18. Plaintiff validly filed an AOS application on July 22, 2002 (having Receipt Number: LIN 02-254-51163), which is currently pending before the Nebraska Service Center of the USCIS. As of the date of filing of the instant Complaint, Plaintiff's AOS application has been pending for almost three years.

19. Plaintiff is eligible to receive an immigrant visa and is admissible to the United States for permanent residence.

20. An immigrant visa was immediately available to the Plaintiff at the time his AOS application was filed (i.e., on July 22, 2002).

21. Congress has clearly expressed an opinion that a reasonable time for AOS adjudications is approximately six months. 8 U.S.C. § 1571 (2005).

22. Defendants have exceeded the bounds of reasonableness in the time for adjudications. 8 U.S.C. § 1571 (2005).

23. During the pendency of the AOS applications, it is the Defendants' policy to require repeat Employment Authorization Documents as well as fingerprinting.

24. Since July 22, 2002, Plaintiff has applied for employment authorization three times. These employment authorization documents have been valid from August 29, 2002 to August 29, 2003, September 29, 2003 to September 28, 2004 and September 24, 2004 to September 23, 2005.

---

      and whose achievements have been recognized in the field through extensive documentation,
(ii)   the alien seeks to enter the United States to continue work in the area of extraordinary ability, and
(iii)   the alien's entry into the United States will substantially benefit prospectively the United States.

25. Since July 22, 2002, Plaintiff has also requested advance parole three times, which has been issued by the Service on September 5, 2002, August 18, 2003 and July 23, 2004.

26. In addition, since July 22, 2002, Plaintiff has been required to apply for fingerprinting on September 17, 2002, and April 20, 2004 and for biometrics, which includes fingerprinting, on May 12, 2005.

27. Plaintiff has made numerous inquiries regarding the status of his case including one made on December 17, 2004, January 24, 2005, January 26, 2005 and April 7, 2005 from the Nebraska Service Center, but to no avail. Plaintiff also made an inquiry with the Office of U.S. Senator Jeff Bingaman on April 8, 2005.

28. Plaintiff has also made numerous inquiries regarding the status of his name check pending with the FBI on November 8, 2004, December 14, 2004, January 24, 2005, February 25, 2005, March 28, 2005 and lastly on April 4, 2005, but to no avail.

## VI. RELEVANT LAW AND PROCEDURES

**Employment-Based Categories**

29. Under INA, the employment-based category is divided into five preferences or groupings. 8 U.S.C. § 1153(b) (2004).

30. The highest priority, first employment-based "priority workers," consists of:

   a) Aliens with extraordinary ability;[2]

   b) Outstanding professors and researchers; and

---

[2] Id.

    c) Certain multinational executives and managers subject to international transfer to the United States.

31. The second employment-based preference consists of professionals holding advanced degrees or their equivalent or who, because of their exceptional ability in the sciences, arts, or business, will substantially benefit the national economy, cultural or educational interests, or welfare of the United States.

32. The third employment-based preference comprises certain professional, skilled and unskilled workers where qualified workers are not available in the United States.

33. The fourth employment-based preference consists of certain special immigrants, including ministers of religion.

34. The fifth employment-based category includes alien investors who create or maintain at least ten jobs in the U.S., none of which can be for their own family members.

**Timeliness Requirements and Consequences**

35. Section 202 (8 U.S.C § 1571 (2005)) of Title II[3] of the American Competitiveness in the Twenty-first Century Act of 2000 (AC21) clearly lays down the parameters of reasonableness in immigration adjudications, stating: "It is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application . . . ."

---

[3] Title II of AC21 was independently captioned: Immigration Services and Infrastructure Improvements Act of 2000.

36. Section 204 of AC21 (8 U.S.C § 1573 (2005)) mandates that the "Attorney General shall take such measures as may be necessary to . . . reduce the backlog in the processing of immigration benefit applications, with the objective of the total elimination of the backlog 1 year after November 25, 2002 (as amended)." The Section also mandates that future backlogs must be prevented and infrastructure improvements must be made for effective provision of immigration services.

37. AC21 was enacted on 17 October 2000, more than four years ago. The Defendants have even failed to promulgate regulations that would at least permit orderly administration of laws and procedures.

38. Defendants are also required by 5 U.S.C. § 555(b) (2004) "within a reasonable time . . . to conclude a matter presented."

39. Most applicants for AOS are in the United States on nonimmigrant status such as H, L, O, etc. 8 U.S.C. § 1101 (2004). After going through appropriate procedures, individuals may apply to "adjust" their status to that of lawful permanent resident (LPR or green card holder). 8 U.S.C. § 1152 (2004).

40. LPR's enjoy many advantages over nonimmigrant status. As the name implies, LPR's have the privilege of residing and working permanently in the United States. 8 U.S.C. § 1101(a)(20) (2004). They may travel outside the United States freely and generally are readmitted to the United States automatically. 8 U.S.C. § 1101(a)(13)(C) (2004). They may petition to immigrate close family members. 8 U.S.C. §§ 1151, 1153 (2004).

41. LPR's may retain their LPR status (or their "green card") for the rest of their lives or, after five years of LPR status, they may apply to "naturalize," that is, to become a United States citizen. 8 U.S.C. § 1427(a) (2004). Citizenship conveys many benefits over LPR status. Citizens may vote; they may apply for and receive a United States passport; they cannot be deported from the United States; they may travel freely into and out of the United States. They may petition for immigration of family members, as "immediate relatives," thus eliminating many long waiting periods. 8 U.S.C. § 1151(b)(2)(A)(i) (2004). They may hold many jobs that are restricted to United States citizens. They may run for public office.

42. LPR status is a prerequisite for naturalization. Thus, any delay in adjusting to LPR status also delays eventual naturalization.

**Employment Authorization**

43. It is unlawful for an employer to hire an alien who is not authorized to work in the United States. 8 U.S.C. § 1324a (2004). AOS applicants are authorized to work in the United States upon approval of their Employment Authorization Document ("EAD"). 8 C.F.R. §274a.12(c)(9) (2004).

44. Defendants limit the duration of AOS applicants' EAD to one year.

**Repeated Fingerprints**

45. The Defendants require AOS applicants to be fingerprinted before their adjustment applications are granted. AOS applicants who are 14 years old or older must pay a fingerprint-processing fee and must appear at an USCIS "Application Support Center" (ASC) to be fingerprinted.

46. After 15 months, the Defendants consider the fingerprints to have "expired." The Defendants have obligated the Plaintiff to be fingerprinted again before his

adjustment application has been approved at additional expense and inconvenience, even though, of course, his fingerprints have not changed.

## VII. INJURY TO PLAINTIFF

47. Because Plaintiff has waited and will continue to wait significantly longer to become an LPR, he is unable to stabilize his life. His status in the United States of America has been and will continue to be uncertain. Plaintiff has been and will continue to be afraid to accumulate assets in the United States because he fears that he may ultimately lose permanent residence status and be required to depart. He has not been able to and cannot plan his future appropriately because he does not know when he will become a permanent resident.

48. Plaintiff has suffered and will continue to suffer considerable setbacks in his career because of delayed adjudication. Plaintiff is a scientist conducting research in the field of nanoscience and nanotechnology. In the last 5 years, Plaintiff has published and presented more than 50 scientific papers related to this subject. This qualifies the Plaintiff as one of the leading specialists in the scientific field of nanoscience. Research in this field has a very significant impact on the U.S. economy, national security and defense. Recently, fifteen leading U.S. Departments, Agencies and Foundations, including the National Science Foundation, U.S. Department of Energy, Department of Defense and many others have identified nanoscience as a national priority and have proposed a joint National Nanotechnology Initiative.

In addition, in order to pursue his scientific career as a University Professor and successfully pass the tenure review, Plaintiff must establish his own research

program, obtain funding to support his research, advertise his research by presenting papers at international scientific meetings and conferences and establish collaborations with other research groups working in this scientific field. The lack of permanent residency has severely restricted and continues to restrict Plaintiff's ability to fully participate in the National Nanotechnology Initiative, as well as programs and research projects conducted by the U.S. National Laboratories. Furthermore, his ability to apply for grants and funding from U.S. Government Agencies, and contribute his knowledge and experience in a way that will benefit U.S. national interests is also severely restricted. Admission to these programs and availability of federal research grants/funding is restricted to U.S. Citizens or Permanent Residents only.

49. On January 31, 2005, Plaintiff was invited by Los Alamos National Laboratory, Los Alamos, New Mexico to speak at their seminar from March 10, 2005 through March 12, 2005. Being a nonimmigrant, Plaintiff had to wait until a day before the actual seminar to get security clearance and be able to speak at the seminar.

50. Delayed adjudication of Plaintiff's AOS application has restricted and continues to restrict Plaintiff's ability to travel abroad and present papers at international scientific meetings and conferences. In 2004, Plaintiff had to decline an invitation from the American Physical Society (APS) to present a paper at the APS March 2004 meeting held in Canada. International travel is an essential component of the academic profession that helps a researcher establish international collaborations and competitive research programs. Since it takes a few months to obtain an advance parole and the fact that many international meetings take place

on relatively short notice, Plaintiff has had to decline several personal invitations to attend these meetings conducted in Europe and Canada over the last almost three years as a result of delayed adjudication of his AOS application. This has resulted in a serious setback to his scientific career.

51. As detailed above, Plaintiff has lost significant work time and will lose significant work time while pursuing his adjustment application, making inquiries at USCIS offices, meeting with lawyers, applying for employment authorization and travel documents each year and otherwise pursuing his delayed permanent residency.

52. The process of obtaining a green card can take several years. Two years or more of this can be attributed to AOS.

53. Because of Defendant's policies and practices as described herein, Plaintiff has had to wait and will continue to have to wait many years to adjust his status. Plaintiff has had to and will continue to have to submit to repeated fingerprinting at considerable cost and inconvenience. Since July 22, 2002, Plaintiff has gone for fingerprinting on September 17, 2002 and April 20, 2004 and for biometrics, which includes fingerprinting, on May 12, 2005. On all these occasions, Plaintiff had to take considerable time off from his work and travel 100 miles round trip to get the fingerprinting done at the nearest USCIS office located at El Paso, Texas.

54. Because Plaintiff will not become LPR as quickly as he should have, his naturalization has been delayed. Career setbacks are but one of a long list of harms suffered by Plaintiff. To list just a few, Plaintiff has been and will continue to be unable to become eligible to vote and participate fully in our democracy.

Plaintiff would like to sponsor his parents, who live in Russia, to immigrate to the U.S. because of their declining health. Plaintiff has been and will continue to be unable to petition for his family members to immigrate to the United States as immediate relatives.

55. Because Defendants have implemented arbitrary and illegal procedures, Plaintiff has had to and will continue to have to obtain EAD's and to pay for repeated renewals of those EAD's, resulting in significant out-of-pocket expenses, including filing fees and inconvenience. Since July 22, 2002, the Plaintiff has applied for employment authorization three times. These employment authorization documents have been valid from August 29, 2002 to August 29, 2003, September 29, 2003 to September 28, 2004 and September 24, 2004 to September 23, 2005.

56. Because Defendants have implemented arbitrary and illegal procedures, Plaintiff has had to and will continue to have to submit to repeated fingerprinting, resulting in significant out-of-pocket expenses and inconvenience. If the Plaintiff fails to appear for fingerprinting, there is a substantial risk that USCIS will consider his AOS application to have been abandoned.

57. Plaintiff has reason to believe that some part of the delay is attributable to investigations pending before the Federal Bureau of Investigation.

58. Plaintiff's rights to due process of law under the Fifth Amendment to the U.S. Constitution has been and is being violated and will continue to be violated by Defendants' policies and practices as described herein.

## VIII. GROUNDS FOR RELIEF

59. Defendants, despite having a duty to act within a reasonable time, have failed to process and adjudicate Plaintiff's applications within a reasonable time.

60. Defendant USCIS's duty to process and adjudicate Plaintiff's application within a reasonable time is a non-discretionary duty mandated by federal law and judicial precedent.

61. Defendant USCIS's conduct in failing to process Plaintiff's application and adjudicate his case within a reasonable time has directly and proximately caused unnecessary and injurious delays to Plaintiff, in violation of his rights.

62. Plaintiff has exhausted all administrative remedies available and has determined that no adequate remedy exists.

63. Defendants' policies and procedures requiring repeated EAD applications and fingerprints are arbitrary and illegal.

**Count I.**
**Mandamus Action**
**28 U.S.C. § 1361**

64. Plaintiff incorporates by reference all submissions made hereinabove that are pertinent to this Count.

65. Defendants are charged with the mandatory responsibility of administering and implementing the Immigration and Nationality Act.

66. Defendants bear sole responsibility for adjudication of AOS Applications within a reasonable time and for orderly attendant procedures.

67. Defendants have failed to discharge their mandated duties.

68. As a result, Plaintiff has suffered and continues to suffer irreparable harm and damages entitling him to declaratory, injunctive and other relief.

69. Plaintiff has exhausted all possible administrative remedies.

70. There exists no other adequate remedy.

71. Strong humanitarian factors favor the grant of Mandamus relief.

**Count II.**
**Fifth Amendment**

72. Plaintiff incorporates by reference all submissions made hereinabove that are pertinent to this Count.

73. Defendants' policies, practices and customs violate Plaintiff's Fifth Amendment substantive and procedural due process rights protected by the U.S. Constitution.

74. As a result, Plaintiff has suffered and continues to suffer irreparable harm and damages entitling him to declaratory, injunctive and other relief.

**Count III.**
**Violation of INA**
**8 U.SC § 1101 et seq.**

75. Plaintiff incorporates by reference all submissions made hereinabove that are pertinent to this Count.

76. Defendants' policies, practices and customs violate INA including § 204 of AC21 (8 U.S.C § 1573 (2004)).

77. Defendants have failed to discharge their mandated duties.

78. As a result, Plaintiff has suffered and continues to suffer irreparable harm and damages entitling him to declaratory, injunctive and other relief.

**Count IV.**
**Administrative Procedures Act**
**5 U.S.C. § 555 and 5 U.S.C. § 702 et seq.**

79. Plaintiff incorporates by reference all submissions made hereinabove that are pertinent to this Count.

80. By failing to render a timely decision and by requiring repeated applications, Defendants' practices and procedures violate the Administrative Procedure Act and constitute agency action that is arbitrary and capricious, and not in accordance with law. 5 U.S.C. §§ 555, 701 et seq. (2004); 5 U.S.C. § 706(1) (2004) ("[A]gency action unlawfully withheld or unreasonably delayed").

81. Defendants have failed to discharge their mandated official duties.

82. As a result, Plaintiff has suffered and continues to suffer irreparable harm and damages entitling him to declaratory, injunctive and other relief.

**Count V.**
**Declaratory Judgment Act**
**28 U.S.C. § 2201**

83. Plaintiff incorporates by reference all submissions made hereinabove that are pertinent to this Count.

84. Defendants' actions and decisions relating to delays in AOS adjudications and attendant procedures are unconstitutional, violate the INA, and are arbitrary and capricious. Plaintiff seeks a declaration to that effect under 28 U.S.C. § 2201 (2004).

85. Defendants have failed to discharge their mandated duties.

86. As a direct and proximate result, Plaintiff has suffered and continues to suffer irreparable harm and damages entitling him to declaratory, injunctive and other relief.

**Count VI.**
**Equal Access to Justice Act**
**5 U.S.C. § 504 and 28 U.S.C. §2412**

87. Plaintiff incorporates by reference all submissions made hereinabove that are pertinent to this Count.

88. If he prevails, Plaintiff will seek attorney fees and costs under the Equal Access to Justice Act ("EAJA"), as amended, 5 U.S.C. § 504 (2004) and 28 U.S.C. §2412 (2004).

### IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully pray that the honorable Court grant the following relief:

i.  Assume jurisdiction over this cause;

ii. Declare that the Defendants' actions are an illegal, arbitrary and capricious abuse of discretion;

iii. Declare that Defendants' failure to act is an illegal, arbitrary and capricious abuse of discretion;

iv. Enter Judgment ordering the Defendants to adjudicate Plaintiff's pending Employment-Based Adjustment of Status Application;

v.  Award Plaintiff attorney fees, costs and expenses under the Equal Access to Justice Act; and

vi. Grant such other and further relief, as this honorable Court deems just and appropriate.

Dated: 23 May 2005

Respectfully submitted,

_____
RAJIV S. KHANNA,
Attorney for Plaintiff's
D.C. Bar No. 419023

Law Offices of Rajiv S. Khanna, P.C.
5225 N. Wilson Boulevard
Arlington, Virginia 22205
Phone: 703-908-4800, Extension 110
Facsimile: 703-908-4890
e-mail: rskhanna@immigration.com